**The court incorporates by reference in this paragraph and adopts as the findings and orders of this court the document set forth below. This document has been entered electronically in the record of the United States Bankruptcy Court for the Northern District of Ohio.**



Mary Ann Whipple
United States Bankruptcy Judge

**Dated:  June 10 2026**

UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | | |
|---|---|---|
| In Re: | ) | Case No.  22-30006 |
| | ) | |
| Matthew G. Brown | ) | Chapter 13 |
| | ) | |
| Debtor(s) | ) | JUDGE MARY ANN WHIPPLE |

### MEMORANDUM OF DECISION

This case is before the court on Debtor's Objection to Proof of Claim No. 3 of the Internal Revenue Service. [Doc. # 115] ("Objection").  Department of Treasury-Internal Revenue Service ("IRS") filed its claim late. IRS filed its claim as fully secured in the amount of $157,474.43 based on assessments and notices of federal tax liens dating to 2015 and 2016. [Claim 3-1].  IRS opposes the Objection because it states it did not receive notice of the claims filing deadline. [Doc. # 116]. Related to its opposition, IRS filed a separate Motion to Extend the Deadline to File a Proof of Claim [Doc. # 124], which Debtor opposes [Doc. # 131].

The district court has jurisdiction over this Chapter 13 case under 28 U.S.C. § 1334.  This case has been referred to this court by the district court under its general order of reference.  28 U.S.C. § 157(a); General Order 2012-7 of the United States District Court for the Northern District of Ohio.  Matters concerning administration of the estate and allowance or disallowance of claims are core proceedings that the court may hear and determine.  28 U.S.C. § 157 (b)(2)(A), and (B).

## PROCEDRAL BACKGROUND

Debtor filed his Chapter 13 petition on January 4, 2022. [Doc. # 1]. His case was a barebones filing, in that he initially filed only his petition and, as required, a verified matrix listing his creditors and their mailing addresses. [Doc. # 1, p.12-14]; *see* Fed. R. Bankr. P. 1007(a)(1).[1] Internal Revenue Service, either by name or as IRS, does not appear on Debtor's verified creditor matrix. Nor does the Department of Treasury. The matrix lists "United States of America" by name as a creditor and specifies two addresses, one "c/o U.S. Attorney General" in Washington D.C. and one "c/o U.S. District Attorney"[2] in Cleveland, Ohio. These are the two names the Clerk used to give "Notice of Chapter 13 Bankruptcy Case" on January 7, 2022, [Doc. # 7], with the "U.S. Attorney General" served by first class mail to the address on the matrix and the so-called "U.S. District Attorney" served by e-mail to an address ending in "usdoj.gov." [Doc. # 7, p. 1/4]; *see* Fed. R. Bankr. P. 2002(g)(2). The "Notice of Chapter 13 Bankruptcy Case" so served is a required form and includes important information about case process, deadlines and procedure. Official Form B309I; *see* Fed. R. Bankr. P. 2002(f), 9009(a)(requiring use of Official Forms). Among the information included in the "Notice of Chapter 13 Bankruptcy Case" are the deadlines for filing claims, the procedure for doing so and potential impacts of filing or not filing a claim in the case, including specifically for secured creditors. [Doc. # 7, p. 4/4]. In accord with the applicable statute and rules, the noticed claims filing deadlines in this case were March 15, 2022, for all creditors except governmental units and July 5, 2022, for governmental units. *See* 11 U.S.C. § 502(b)(9); Fed. R. Bankr. P. 3002(c).

After permitted extensions, Debtor filed on February 7, 2022, his schedules, proposed Chapter 13 plan and other documents required to proceed with his case. [Doc. ## 15, 16, and 17]; *see* 11 U.S.C. § 521; Fed. R. Bankr. P. 1007(b), (c). On his Schedule D: Creditors Who Have Claims Secured by Property, Debtor lists creditor name "The United States of America," not Internal Revenue Service or IRS or Department of Treasury, and the same two addresses, "c/o U.S. Attorney General" and "c/o U.S. District Attorney" as on his verified creditor matrix. [Doc. # 15, pp. 16-17/38].

The first listing at Debtor's Schedule D 2.11 states in the box for "[d]escribe the property that secures the claim" "Possible tax obligation claim. Disputed. Liability assessed from former corporation,

---

[1] As is relevant and will be discussed in detail below, the Federal Rules of Bankruptcy Procedure have been amended during the pendency of this case, including to restyle them for clarity. Unless otherwise specified in this opinion a citation to a Federal Rule of Bankruptcy Procedure is to the current version of the rule and represents the court's determination that the current version is not materially different than any similar rule in effect when this case was filed.

[2] The court is not aware of any federal office or position currently known as "District Attorney." There is the United States Attorney General. There is an appointed United States Attorney for each judicial district, including the Northern District of Ohio, *i.e.* United States Attorney for the Northern District of Ohio.

2

MJ Construction, Inc."[3] The amount is $266,000, the value of collateral is $383,570.00 and the unsecured portion is $109,595.90.[4] [Doc. # 15, p. 16/38]. Boxes are checked for the claim as Unliquidated and Disputed. The Nature of the Lien is checked as Other, with no further description and an account number with the last four digits 0025.

The second listing at Debtor's Schedule D 2.12 states in the box for "[d]escribe the property that secures the claim" only "Possible tax claim." The amount, the value of collateral and the unsecured portion are all listed as "$0.00" [Doc. # 15, p. 17/38]. Boxes are checked for the claim as Unliquidated and Disputed. The Nature of the Lien is checked as Other, with no further description and an account number with the last four digits 0025.

Debtor's proposed Chapter 13 Plan includes both listings. They are in the district form plan "Part 3 Treatment of Secured Claims." [Doc. # 17, pp. 2-3/9]. Specifically, the listings are under Section 3.1 for "Maintenance of payments and cure of default, if any" for contractual payments. The listings in Section 3.1 assert there is no arrearage to be paid, no interest rate, no monthly payment and no installment payment. But the form boxes were checked that the zero amounts claimed owed for "contractual payment(s)" were going to be "Disbursed by Debtor." [Doc. # 17, p. 2-3/9]. No priority claims are proposed to be paid under the plan. None of Internal Revenue Service, IRS or Department of Treasury are named anywhere in the proposed plan.

Debtor's Chapter 13 Plan Certificate of Service is in two parts. The first part is typed. It states the proposed plan was served by "regular U.S. Mail, postage prepaid on: United States of America, c/o U.S. District Attorney, 801 West Superior Avenue, Suite 400, Cleveland, OH 44113." [Doc. # 17, p. 7/9]. The second part, referred to on the typed section as "All Creditors on Attached Matrix," is the label matrix generated through the court's CM/ECF electronic filing system. It includes, first, "The United States of

---

[3] The court may take judicial notice of the contents of its case dockets and records. Fed. R. Bankr. P. 9017; Fed. R. Evid. 201(b)(2); *In re Calder*, 907 F.2d 953, 955 n.2 (10th Cir. 1990); *St. Louis Baptist Temple, Inc. v. Fed. Deposit Ins. Corp.*, 605 F.2d 1169, 1171-72 (10th Cir. 1979) (stating that judicial notice is particularly applicable to the court's own records of litigation closely related to the case before it); *United States v. Brugnara*, 856 F.3d 1198, 1209 (9th Cir. 2017) (stating that district court may properly take judicial notice of its own records). Here, the court takes judicial notice that M.J. Brown Company INC. [sic] filed a Chapter 7 case in this court, represented by the same lawyer representing Debtor, on January 29, 2021. [Case No. 21-30154]. That case was closed as a No Asset Case on January 13, 2023. Its principal place of business and principal assets were listed as and at Debtor's address in this case. Debtor signed the petition as President. It listed two priority creditors on Schedule E, Creditor 2.5 as "FUTA" with an address in Washington D.C. and Creditor 2.5 as "Internal Revenue Service" at an address in Cincinnati, Ohio. The same creditors and addresses are listed on the verified matrix and were given notice of commencement of that case by the Clerk. Internal Revenue Service timely filed its Claim No. 7-1 by name "Department of Treasury-Internal Revenue Service" in that case as a mostly secured claim in the total amount of $1,071,017.74 based on unpaid FUTA and FICA withholding taxes and certain notices of federal tax liens. As a No Asset Case, the trustee made no distribution to creditors.

[4] This seems backward. If the amounts of the claim and the value of the collateral are correct, the claim is fully secured. Perhaps the columns are mixed up.

3

America, c/o U.S. Attorney General, 950 Pennsylvania Avenue, Washington, DC 20530-0009" and second "(p) U S ATTORNEY'S OFFICE ATTN BANKRUPTCY UNIT 801 WEST SUPERIOR AVE SUITE 400 CLEVELAND OH 44113-1852" [sic].The "(p)" refers to a statement on the page that says "The preferred mailing address (p) above has been substituted for the following entity/entities as so specified by said entity/entities in a Notice of Address filed pursuant to 11 U.S.C. 342(f) and Fed.R.Bank.P. 2002(g)(4)." The substituted entity referred to is the address Debtor specified: "United States of America c/o U.S. District Attorney 801 West Superior Avenue Suite 400 Cleveland, OH 44113." [Doc. # 17, p. 8/9].

The court confirmed Debtor's proposed plan on May 9, 2023, [Doc. # 106], after proceedings involving Debtor's objection to the claim of the Ohio Department of Taxation. Confirmation occurred subject to two stipulated orders. [Doc. ## 97 and 100]. Of significance to the Objection is a paragraph in the stipulated order entered on April 7, 2023, at Doc. # 97 that changes the treatment of United States of America proposed in plan Section 3.1 to the following: "**The Plan reference to tax claims under 3.1 is modified to reflect disbursement by the trustee. The Ohio Department of Taxation, Claim 1-2, any potential Internal Revenue Service claims and any further filed amended tax claims shall be paid inside the Plan by the Trustee.**" [Doc. # 97, p. 2/2; emphasis original]. This is the only reference by name on any document filed to Internal Revenue Service until May 14, 2024, when the Trustee filed a Notice of Intention to Pay Additional Claims in response to and identifying Claim 003 of Internal Revenue Service. [Doc. # 114]. The signatories to the stipulated order are the Chapter 13 Trustee, Debtor and Debtor's counsel. No prior notice of the amendment was provided to either affected creditor. Notice of the stipulated order was not given to United States of America, Department of Treasury, Internal Revenue Service or IRS. [Doc. # 99]. The Clerk gave notice of the court 's Order Confirming Plan on May 9, 2023, by email to "United States of America, c/o U.S. District Attorney" " and "The United States of America, c/o U.S. Attorney General." [Doc. # 107, p. 1/5]. The Order Confirming Plan refers in its first paragraph to "a Stipulated Order Amending Plan filed April 7, 2023" as modifying the plan. [Doc. # 106, p. 1/3; # 107, p. 3/5]. The Order Confirming Plan does not name or identify United States of America, Internal Revenue Service, IRS or Department of Treasury by name.

IRS did not file a claim by the governmental unit claims bar date of July 5, 2022. Nor did United States of America. At the time of confirmation on May 9, 2023, there were only two claims filed, one by Ohio Department of Taxation and one by a mortgage creditor. IRS filed its Proof of Claim 3-1 on April 4, 2024. The name of the creditor is "Department of Treasury-Internal Revenue Service." Addresses for notice and payment are P.O. Box addresses in Philadelphia. The electronic filer is "Internal Revenue

4

Service Centralized Insolvency Operations." The claim is filed as a fully secured claim in the amount of $157,474.42 based upon tax assessments dating to 2015 and 2016 and notices of federal tax liens filed in the Senecas County, Ohio Recorder's Office in accordance with Internal Revenue Service regulations, also in 2015 and 2016. [Proof of Claim 3-1]. The unpaid taxes are for non-dischargeable Trust Fund Recovery Penalties assessed under 26 U.S.C. § 6672. *See* 11 U.S.C. §§ 1328(a)(2), 507(a)(8) (C). [Doc. # 124, pp. 1-2/3].

Debtor objects to the IRS claim on the grounds it is (1) untimely filed; (2) barred by the statute of limitations; and (3) not owed by Debtor but by third parties. That is the sum of the written Objection. It states no facts or law or analysis.

In response, IRS contends it did not receive notice of the governmental unit claims bar date and the court should therefore allow its claim regardless of the deadline. [Doc. # 116]. Its response is supported by copies of assessment documents, lien documents, and account transcripts showing multiple notices issued to Debtor by IRS. The account transcripts show notice of "Bankruptcy of other legal action filed 1-04-2022" listed between passport certifications of seriously delinquent tax debt issued on April 29, 2024, and May 13, 2024. [Doc. # 116, pp. 13, 15, 17, 19, 21/21]. "To the extent necessary," IRS also separately requests in its motion an extension of time to file its proof of claim under Bankruptcy Rule 3002 because it did not receive notice of the claims bar date. [Doc. # 124].

Debtor objects to the motion to extend the deadline for IRS to file its proof of claim, asserting that "the United States of America" was properly noticed. [Doc. # 131]. Debtor's response to the motion carefully characterizes the creditor and the claim as having been filed by "the United States of America." Debtor asserts the addresses he used were addresses on file in the tax liens filed as public records in the Seneca County Recorder's Office and with the Seneca County, Ohio Court of Common Pleas. Lastly, Debtor states "[t]hose tax liens were initiated by the United States of America, Department of Treasury, Internal Revenue Service. As such it would be reasonable for the United States of America to receive and expect to receive, notice in any subsequent legal actions at the addresses provided in the filings." Debtor does not attach any documents or records so showing. Nowhere does Debtor contest the authenticity or validity of the assessment dates, notices of tax liens ("Court Recording Data Internal Revenue Service Facsimile Federal Tax Lien Document" showing lien filings in Seneca County, Ohio) and account transcripts attached by IRS to its claim and its filings related to the Objection. [*See* Doc. # 116]. None of those documents show the two addressees Debtor uses on his verified creditor matrix, schedules and plan certificate of service to list and schedule United States of America as a creditor.

5

## ANALYSIS

Sections 501 ("Filing of proofs of claims or interests") and 502 ("Allowance of claims or interests") of the Bankruptcy Code govern creditor claims. 11 U.S.C. §§ 501, 502. Generally, a creditor in a Chapter 13 case must file a proof of claim to participate in distributions under a confirmed plan, *e.g., Spokane Law Enforcement Fed. Credit Union v. Barker (In re Barker),* 839 F.3d 1189, 1195 (9th Cir. 2016), although a lien that secures a claim is not void solely because an entity failed to file a claim. *See* 11 U.S.C. §§ 501(a), 502(a); Fed. R. Bankr. P. 3002(a). Section 502(a) provides that a proof of claim filed under § 501(a) is deemed allowed, and thus valid and enforceable, unless a party in interest objects.

The deadline for a governmental unit to file a claim is set by statute. Under § 501(a)(9), the deadline for a governmental unit to file a proof of claim is "before 180 days after the date of the order for relief or such later time as the Federal Rules of Bankruptcy Procedure may provide." *See also* Fed. R. Bankr. P. 3002(c)(1). A debtor's voluntary petition is the order for relief under the filing chapter designated by the debtor. 11 U.S.C. § 301(b). "Governmental unit" is a defined term under the Bankruptcy Code, to include the "United States;…department, agency, or instrumentality of the United States…." 11 U.S.C. § 101(27). IRS is an agency of the United States, 26 C.F.R. § 601.101(a), within the Bankruptcy Code definition of "governmental unit." As indicated, the governmental unit claims bar date was July 5, 2022.

Bankruptcy Rules 3001 and 3002 are relevant to the Objection and motion to extend time. Under Bankruptcy Rule 3001(f), "a proof of claim signed and filed in accordance with these rules is prima facie evidence of the Claim's validity and amount." Bankruptcy Rule 3001(f) puts the burden on the objecting party to come forward with evidence which, if believed, refutes at least one of the allegations essential to the legal sufficiency of the claim. *Kelly v. Mace (In re Mace)*, 573 Fed. App'x 490, 496 (6th Cir. 2024). If that is accomplished, the burden shifts to the claimant to prove the validity of the claim by a preponderance of the evidence. *Id.* The claimant always bears the ultimate burden of persuasion. *Id.*

There is no dispute that IRS filed its claim after the governmental unit claims bar date in this case, which is a specific ground for disallowance of a claim set forth in § 502. 11 U.S.C. § 502(b)(9). Debtor has met his burden of going forward to show a basis for overcoming the prima facie validity of the IRS claim because of its untimeliness. For its part, IRS seeks to meet its burden of persuasion by showing that it was not given notice of the claims bar date. IRS argues the issue of lack of notice plays out in two ways. First, that the governmental unit bar date should not apply because of the lack of notice and due process concerns. *See, e.g. In re Stacy*, 405 B.R. 872 (Bankr. N.D. Ohio 2009). Alternatively, if it does, IRS argues an extension of the bar date should be allowed through the date it filed its claim, which is the purpose of its motion to extend time to file.

6

The rules of procedure that govern this dispute are Bankruptcy Rules 3002 and 9006. The matter is complicated because these rules have been amended. The first issue that must be addressed is what version of the applicable subparts of each of Rules 9006 and 3002 applies?

Rule 9006 is captioned "Computing and Extending Time." When this case this case was filed on January 4, 2022, Rule 9006(b) governed "Enlargement" of time to act. It permitted "enlargement of time" around claims as follows: "**Enlargement Governed by Other Rules.** The court may enlarge the time for taking action under Rules…3002(c)…only to the extent and under the conditions stated in those rules…." Fed. R. Bankruptcy P. 9006(b)(3) (emphasis original). Effective December 1, 2024, Rule 9006 (b)(3) was changed to read: "**Extensions Governed by Other Rules**. The court may extend the time to: (A) act under Rules…3002(c)…-but only as permitted by those rules;…" The Advisory Committee Notes to the 2024 Amendments to Rule 9006 identify two substantive changes that are not relevant to this dispute. Otherwise, the Advisory Committee Notes clarify that the changes are part of restyling the Bankruptcy Rules to make them more easily understood and consistent. As such, "[t]hese changes are intended to be stylistic only."

The United States Supreme Court through Chief Justice Roberts issued its standard order adopting the specified amendments and transmitting the then-revised rules, including amended Rule 9006(b)(3), to Congress for any action it chose to take. It took none. The Supreme Court order is dated April 2, 2024. Chief Justice Roberts states in the order that "the foregoing amendments and additions to the Federal Rules of Bankruptcy Procedure shall take effect on December 1, 2024, and shall govern in all proceedings in bankruptcy cases thereafter commenced and, insofar as just and practicable, all proceedings then pending." *See* 28 U.S.C. § 2074.

The court finds that the substance of Rule 9006(b)(3) as in effect at the time Debtor filed this case and as in effect after December 1, 2024, is the same. The court agrees with the Advisory Committee Note that the changes to Rule 9006(b)(3) that became effective December 1, 2024, are stylistic only. The court finds that it is just and practicable to apply Rule 9006(b)(3) as amended effective December 1, 2024, to the present dispute. Unless otherwise stated in this opinion, references after this point are to Rule 9006(b)(3) as amended December 1, 2024, and as currently in effect.

Rule 3002(c) referred to in Rule 9006(b)(3) in addressing motions to extend time to file claims was also amended during this case. Deciding which version of Rule 3002(c) applies to this dispute is more complicated and more consequential than with Rule 9006(b)(3). The Supreme Court amended relevant portions of Rule 3002(c) in both 2022 and 2024, however, the changes made effective December 1, 2024, are intended to be stylistic only according to the Advisory Committee Notes, and the court so finds. Rather,

7

the issue is whether the applicable subpart of Rule 3002(c) in effect when this case was filed applies or whether an amendment that became effective on December 1, 2022, applies.

When this case was filed on January 10, 2022, Rule 3002(c)(1) stated in pertinent part: "[t]he court may, for cause, enlarge the time for a governmental unit to file a proof of claim only upon motion of the governmental unit made before expiration of the period for filing a timely proof of claim."    Rule 3002(c)(6) in effect when the case was filed stated:

> (6) On motion filed by the creditor before or after the expiration of the time to file a proof of claim, the court may extend the time by not more than 60 days from the date of the order granting the motion.  The motion may be granted if the court finds that;
>
> (A) the notice was insufficient under the circumstances to give the creditor a reasonable time to file a proof of claim because the debtor failed to timely file the list of creditors' names and addresses as required by Rule 1007(a); or
>
> (B) the notice was insufficient under the circumstances to give the creditor a reasonable time to file a proof of claim, and the notice was mailed to the creditor at a foreign address.

Fed. R. Bankr. P. 3002(c)(6) (2017 Amendment).

On April 11, 2022, the Supreme Court through Chief Justice Roberts issued its order adopting and transmitting to Congress amendments to Federal Rule of Bankruptcy Procedure 3002 (and other) with the following language:

> The foregoing amendments to the Federal Rules of Bankruptcy Procedure shall take effect on December 1, 2022, and shall govern in all proceedings in the bankruptcy cases thereafter commenced and, insofar *as just and practicable*, all proceedings then pending.

http://www.supremecourt.gov/orders/courtorders/frbk22_cb8e.pdf  (Emphasis added).

The 2022 amendments to Rule 3002 did not change Rule 3002(c)(1)  quoted above; on and after December 1, 2022, it still stated in pertinent part "[t]he court may, for cause, enlarge the time for a governmental unit to file a proof of claim only upon motion of the governmental unit made before expiration of the period for filing a timely proof of claim." As IRS filed its motion to extend time after the governmental unit claims bar date expired, it cannot rely on Rule 3002(c)(1).[5] However, Rule 3002(c)(6) changed materially. On December 1, 2022, it stated:

---

[5] Governmental units have the flexibility of using either Rule 3002(c)(1) applicable to all creditors for cause, as long as the motion is filed before expiration of the claims bar date, or Rule 3002(c)(6), which applies only to governmental units but permits a motion to extend to be filed either before or after the claims bar date as long as the requisite lack of notice can be shown. *See* 9 COLLIER ON BANKRUPTCY ¶ 3002.03[2] (16th ed.). The two subparts may overlap in some instances. *Id.* They do not overlap under the circumstances in this case.

(6) On motion filed by a creditor before or after the expiration of the time to file a proof of claim, the court may extend the time by not more than 60 days from the date of the order granting the motion. The motion may be granted if the court finds that the notice was insufficient under the circumstances to give the creditor a reasonable time to file a proof of claim.

Fed. R. Bankr. P. 3002(c)(6) (2022 Amendment).

The change is consequential because lack of notice of the bar date raised by IRS in response to the Objection and in its motion has been dispatched as irrelevant by many courts under Rule 3002(c)(6)[6] as it read when this case was filed. Under the 2022 amendment, insufficient notice is expressly set forth as the basis to extend the time to file a claim, whereas under the 2017 iteration of the rule lack of notice to domestic creditors is the basis for an extension only if it occurred because the debtor did not timely file the list of creditors' names and addresses. The Advisory Committee Notes to the 2022 amendment acknowledge that the purpose of the amendment is to harmonize treatment of creditors with domestic addresses and creditors with foreign addresses who seek extensions of time to file a proof of claim, whether before or after the claims bar date, due to lack of notice.

Prior to the 2022 amendment, courts faced with a domestic creditor in a Chapter 13 case seeking an extension of time under Rule 3002(c)(6) took two different paths. Some courts applied a broad approach to permitting an extension "because of a debtor's failure to accurately list the name and address of the creditor on the list of creditors." 9 COLLIER ON BANKRUPTCY ¶ 3002.03[7] (16th ed.); *e.g.*, *In re Helios and Matheson Analytics, Inc.*, 629 B.R. 772 (Bankr. S.D.N.Y 2021) (applied in a chapter 7 case; court alludes to constitutional due process problems if rule interpreted such that creditor without notice cannot be allowed an extension to file); *In re Fitzgerald*, Case No. 8:19-bk-07741-RCT, 2020 WL 5745973 (Bankr. M.D. Fla. 2020); *In re Vanderpol*, 606 B.R. 425 (Bankr. D. Colo 2019); *In re Mazik*, 592 B.R. 812 (Bankr. E.D. Pa. 2018).

A second approach applied a plain meaning analysis to the language of the rule. The case *In re Somerville*, 605 B.R. 700 (Bankr. Md. 2019), exemplifies this approach. It involved a creditor seeking an extension to file a proof of claim because it did not receive sufficient notice of the claims bar date due to the debtor's failure to include the creditor's name in the creditor matrix and schedules. The court addressed the scope of Bankruptcy Rule 3002(c) prior to and after the 2017 rule amendments. In taking

---

[6] The 2024 amendment to Rule 3002(c) restyled the language of the 2022 extension provision and renumbered it as Rule 3002 (c)(7) from Rule 3002(c)(6). The substance of the provision did not change with the 2024 amendment. Either the current version, Rule 3002(c)(7), or the 2022 version of Rule 3002(c)(6) produces the same result in this case.

9

"a plain meaning approach to Bankruptcy Rule 3002(c)(6)," the court agreed with other courts taking this approach "that a creditor's insufficient notice must be caused by an untimely filing of the Creditor List or notice mailed. . ." 605 B.R. at 707. *See e.g. In re Fryman*, CASE NO. 18-20660, 2019 WL 2612763 *2 (Bankr. E.D. Ky 2019) (unscheduled creditor was denied an extension of time to file a proof of claim as "[t]he omission of an unscheduled creditor from the Mailing List does not constitute a failure to timely file the list of creditors for the purposes of Rule 3002 (c) (6)(A)"; *In re Wulff*, 598 B.R. 459 (Bankr. E.D. Wis. 2019) (creditor's motion to extend deadline to file a proof of claim was denied as there were no grounds established which complied with Rule 3002(c)(6) but also deemed moot because debtor included creditor's claims in its amended plan confirmed without objection); *In re Bales*, CASE NO. 18-52257, 2019 WL 3436870 (Bankr. E.D. Ky. 2019) (following *Fryman)*. In construing the plain language of the rule, the court in *Somerville* was reluctant to infer broader coverage to allow an extension given the unambiguous language. And while the court found no basis to grant an extension to file an untimely claim, it also found the movant was not without a remedy despite being "a creditor who did not have adequate notice of the claims bar date and is not permitted to file a late proof of claim" because it "is not subject to the chapter 13 discharge set forth in section 1328(a) of the Code." *Somerville,* 605 B.R. at 709.

This court agrees with the approach in *Somerville.* It persuasively determined that the language of the 2017 amendment was not ambiguous or confusing, as follows:

> The Court agrees with those courts that have taken a plain meaning approach to Bankruptcy Rule 3002(c)(6) and held that a creditor's insufficient notice must be caused by an untimely filing of the Creditor List or notice mailed to a foreign address. With respect to the filing of the Creditor List, Bankruptcy Rule 1007(a) requires only that a debtor file with her petition a list of creditors (including names and addresses) who are or will be included in the debtor's bankruptcy schedules. If that list is timely filed, Bankruptcy Rule 3002(c)(6) does not permit enlarging the time for a moving creditor to file a proof of claim.
> The Court acknowledges that the drafters of the rule could have intended broader coverage. A court could try to look behind the language of the rule to find support for characterizing a timely but inaccurate or incomplete Creditor List as "untimely" for purposes of the rule. This Court is, however, uncomfortable making such inferences when the language of the rule is unambiguous. Moreover, the Court recognizes the competing policies at play in any dispute involving a claims bar date and will not disturb the balance struck in the Code and the Bankruptcy Rules absent clear reason and a legal basis to do so.

*Somerville*, 605 B.R. at 707-08 (footnotes omitted).

The plain meaning approach is likewise advocated by the Sixth Circuit when interpreting the Federal Rules of Bankruptcy Procedure. *In re Mitan*, 573 F.3d 237, 244 (6th Cir. 2009) (rules to be read in a commonsense manner; where an unambiguous and plain meaning is found, interpretation is at an end), citing *In re Laurain*, 113 F.3d 595, 597 (6th Cir. 1995). This approach is also consistent with basic

10

principles of statutory construction.  *See Lamie v. United States Trustee,* 540 U.S. 526, 534, 124 S.Ct. 1023, 157 L.Ed. 2d 1024 (2004).

The context of Rule 3002(c)(6) was similarly persuasively addressed in another  Chapter 13 case, *In re Bauer*, 660 B.R. 649 (Bankr. N.D. Ohio 2024):

> Rule 3002(c) lists certain exceptions to the time for filing claims, including fines by governmental units and claims submitted under other fact patterns that do not apply to Creditor's claim.  Further Rule 9006(b) states circumstances in which a court may enlarge the time for taking action.  However, as discussed above, Rule 9006(b)(3) limits extensions of time to file timely claims: "the court may enlarge the time for taking action under Rule 3002(c) only to the extent and under the conditions stated in that rule."  *In re Dumbuya*, 2019 WL 486917 at *2, 2017 Bankr. LEXIS 327 at *5 (citation omitted) (alterations omitted).  As discussed above, Creditor has not claimed that an exception under Rule 3002(c) applies.  "Thus, while Rule 9006(b)(1) gives courts discretion to extend various deadlines under the Bankruptcy Rules, that discretion does not exist when Rule 3002(c) is implicated.  *In re Bendezu*, 2016 WL 3462040 at *1, 2016 Bankr. LEXIS 2326 at *3-4 (Bankr. D.N.J. June 17, 2016).
>
> "Section 502(b)(9) and Bankruptcy Rules 3002(c) and 9006(b)(3) are a comprehensive, unambiguous scheme that disallows untimely filed claims in Chapter 13 cases."  *In re Brogden*, 274 B.R. 287, 289 (Bankr. M.D. Tenn. 2001) (Lundin, J.).  "Read in conjunction, the Code and Rules leave little to no discretion for a bankruptcy court to allow a late-filed claim in a chapter 13 case absent the few expressed exceptions for an extension set for the in Rule 3002(c)."  *In re Tice*, 2022 WL 532741 at *2, 2022 Bankr. LEXIS 427 at *3-4 (Bankr. M.D. Ala. Feb. 22, 2022).

*Id*. at 668.

*Bauer* involved a *pro se* debtor who objected to a claim in his Chapter 13 case, arguing it was not timely filed.  Debtor filed his Chapter 13 petition in 2021; the court applied the 2017 amendment to Rule 3002(c)(6) then in effect, without discussion. Debtor timely filed his list of creditors, with only one creditor listed. The creditor whose claim was at issue was not listed or scheduled by debtor.  The court acknowledged   that "the Debtor's failure to schedule Creditor was wrongful." *Id.* at 670. It addressed the claimant's equitable and due process concerns—the same concerns raised here by IRS. Declining to follow *In re Stacy,* the court decided that the issue did not implicate "due process rights as much as procedural and substantive rights under the Code." *Id*. at 672-73, citing *Somerville* 605 B.R. at 703 n.3.  Noting there were alternative remedies for the creditor, the court found it lacked discretion to allow an enlargement of time to file a late proof of claim.  *Id*. at 670, citing *Law v. Siegel*, 571 U.S. 415, 242, 134 S.Ct. 1188, 188 L.Ed.2d 146 (2014) ("declining to read into the Bankruptcy Code an exception Congress did not include in its 'meticulous' and 'carefully calibrated' scheme.").

If the 2017 version of Rule 3002(c)(6) in effect when this case was filed applies to this dispute, the court agrees with the cases exemplified by *Somerville* and *Bauer*. Here, Debtor timely filed his list of creditors' names and addresses with his petition. IRS was not listed on it by name, quite intentionally in the court's view.[7] But any insufficient notice of the claims bar date did not occur "because the debtor failed to timely file the list of creditors' names and addresses required by Rule 1007(a)" as circumscribed by the plain meaning of the language of the rule. Under the 2017 version of the rule, the court lacks discretion to allow IRS an extension of time to file its claim in this case because of any lack of notice of the claims bar date. That the Supreme Court adopted the 2022 amendment to Rule 3002(c)(6) that eliminated that causal limitation on lack of notice emphasizes to the court the correctness of applying the plain meaning reasoning of *Somerville* and *Bauer* to the rule in effect when Debtor filed this case.

If, however, the 2022 amendment to Rule 3002(c)(6) applies, the potential for the opposite outcome than under the 2017 version of the rule arises because the causal limitation on lack of notice was eliminated. The only issue as the basis for the exercise of the court's discretion to grant a motion to extend the deadline for filing a claim under the 2022 amendment becomes whether the notice that was given "was insufficient under the circumstances to give the creditor a reasonable time to file a proof of claim." "Unlike previous versions of the Rule [3002(c)(7)], the focus is not "why," but merely whether the notice was insufficient." *In re Haddock*, 2026 WL 1288110, at *3 (Bankr. N.D. Okla., May 11, 2026). As this case was pending when the amendment to Rule 3002(c)(6) became effective on December 1, 2022, the court must decide whether, as directed by the Supreme Court in its April 11, 2022, order adopting the amended rules effective December 1, 2022, it would be "just and practicable" to apply it in this case.

The "just and practicable" standard has been interpreted to afford courts "the opportunity" to exercise discretion, often broadly so, in application of rule amendments to pending cases. *See Knipe v. Skinner,* 19 F.3d 72, 78 (2d Cir. 1994). The Eleventh Circuit has taken "just and practicable" to mean the "maximum extent possible." *Michel v. U.S.*, 519 F.3d 1267, 1271 (11th Cir. 2008); *see also Martinez v. Hutton (In re Harwell),* 628 F.3d 1312, 1316 n.4 (11th Cir. 2010)("Amendments to the Federal Rules of Civil Procedure govern proceedings after the date they are effective in an action then pending unless the Supreme Court specifies otherwise or the court determines that applying them in a particular case would be infeasible or work an injustice.). The Fifth Circuit has interpreted the "just and practicable" standard in consideration of the Rules Enabling Act, 28 U.S.C. § 2074, to decide that newly amended rules of

---

[7] Debtor's listing of the State of Ohio stands in notable contrast to the United States of America. He lists his state creditor as "State of Ohio, Department of Taxati" [sic] c/o Ohio Attorney General on his Matrix [Doc. # 1, p. 14/14] and on his Schedule D [Doc. # 13, p. 15/38].

12

appellate procedure should apply to pending proceedings unless they would work injustice. *Burt v. Ware,* 14 F.3d 256, 258-59 (5th Cir. 1994).

The Sixth Circuit considered application of an amended federal rule to a pending proceeding in a Chapter 11 bankruptcy matter. *Insight Terminal Sols., LLC v. Cecelia Fin. Mgmt.,* 148 F.4th 869 (6th Cir. 2025). The bankruptcy court issued a final judgment after excluding a deposition from trial as inadmissible hearsay. One of the rules in issue was Rule 802(d)(2) of the Federal Rules of Evidence. After the bankruptcy court entered judgment and the loser appealed to the Sixth Circuit Bankruptcy Appellate Panel and then the Sixth Circuit Court of Appeals, the Supreme Court amended Rule 802(d)(2) effective December 1, 2024, with the "just and practicable" language appearing in its April 2, 2024, order adopting and transmitting the amendments. The amendment was material, intended to resolve a conflict in interpretation among the circuits. As it was reversing the bankruptcy court judgment and remanding the matter for retrial, the Sixth Circuit directed that the 2024 amendment of Rule 801(d)(2) be used by the bankruptcy court.

In directing use of the amended rule on remand, the Sixth Circuit observed that "Courts have generally found it 'just and practicable' for district courts to apply new federal rules in pending proceedings." *Id.* at 881. It rejected appellant's argument that it would not be "just and practicable" to apply an amendment that arose well after the bankruptcy court issued final judgment. The Sixth Circuit did not amplify further the meaning of "just and practicable." But the decision in *Insight Terminals* leaves room for consideration of "injustice" in its application. In so doing, it cites a case involving retroactive application to a pending proceeding of a rule of criminal procedure and the Rules Enabling Act, 28 U.S.C. § 2074(a) (which may or may not apply to the Bankruptcy Rules), and its similar standard of whether application to a pending proceeding would "not be feasible or would work injustice." Other courts considering application of rule amendments to pending cases have also considered whether doing so would result in manifest injustice. *E.g. In re Jordan Mfg. Co., Inc.*, 138 B.R. 30, 33 (Bankr. C.D. Ill. 1992) (decides application of amended Bankruptcy Rule 3022 governing entry of a final decree in a pending case is just and practicable); *see e.g. Gonpo v. Sonam's Stonewalls & Art LLC*, 41 F.4th 1, 11 (1st Cir. 2022) (considering application to pending proceeding of amendment to federal appellate rules).

A criminal case the Sixth Circuit cites in *Insight Terminals*, *U.S. v. Bankston,* 820 F.3d 215 (6th Cir. 2016), quotes the United States Supreme Court decision *Landgraf v. USI Film Prods,* 511 U.S. 244, 275 n. 29, 114 S.Ct. 1483, 128 L.Ed.2d 229 (1994): "Our orders approving amendments to federal procedural rules reflect the commonsense notion that the applicability of such provision ordinarily depends on the posture of the particular case." *Bankston* also cites a Seventh Circuit case for the

proposition that the "just and practicable" standard means only that amendments "may or may not govern" in pending cases, and that it is not blanket "authorization for retroactive application." *Bankston*, 820 F.3d 215, 228, quoting *Diaz v. Shallbetter,* 984 F.2d 850, 853 (7th Cir. 1993).

One of the other cases cited by the Sixth Circuit in *Insight Terminals* as supporting application of the amended rule, *Ridder v. Springfield,* 109 F.3d 288, 295-96 (6th Cir. 1997), considered under the "just and practicable" standard whether it was "feasible" to apply an amended version of Rule 11 of the Federal Rules of Civil Procedure to a pending proceeding, a bow to the Rules Enabling Act standard.

The bankruptcy court in *In re Porter*, 603 B.R. 449, 453 (Bankr. N.D. Cal. 2019), considered application of the amendments to Bankruptcy Rule 3002(c) effective December 1, 2017, in a case converted from Chapter 7 to Chapter 13. It discussed the meaning of "just and practicable" as follows:

> First, the Court understands the word "just" to mean, in this context, basic fairness to all parties involved in the bankruptcy system. Inherent to such basic fairness is the concept that a rule should not unduly burden debtors to the advantage of creditors, or visa versa. . . . Basic fairness also means treating creditors within a case similarly and equitably.
>
> . . . .
>
> Second, the Court understands the word "practicable" to mean "reasonably capable of being accomplished; [or] feasible in a particular situation." (*Practicable*, Black's Law Dictionary (10th ed. 2014)). The practicability of applying amended Rule 3002(c) must be considered within the context of the role of the Court within the bankruptcy system.

*Id*. at 453-54.

In consideration of these precedents, justice or manifest injustice to a party is inherent in evaluating whether it is "just" to apply an amended rule in a pending case. In the bankruptcy context, the court in *Porter* stated it well: basic fairness means (1) that a debtor should not be unduly burdened to the advantage of a creditor and vice versa and (2) creditors within a case should be treated similarly and equitably.

As to Debtor, like all debtors he was required to file a list of creditors and a schedule of liabilities. 11 U.S.C. § 521(a)(1)(A), (B)(i). The list of creditors must contain the name and address of each entity to be included in Schedules D and E/F of the Official Forms. Fed. R. Bankr. P. 1007(a)(1). The Official Form Schedule D directs Debtor to "List All Secured Claim" and to be "as complete and accurate as possible" in doing so. [*See* Doc. # 15, p. 12/38]. The schedules are signed by a debtor under the penalty of perjury, with Debtor as all debtors must declaring as required in connection with his signature that "I have read the summary and schedules filed with this declaration and that they are true and correct." [*See* Doc. # 15,

p. 26/38]. The purpose of these rules is to enable and facilitate proper notice of the case and critical deadlines to the listed creditors. 11 U.S.C. § 342(a), (g)(1); Fed. R. Bankr. P. 2002(f), (g)(2).

The court expects that Debtor was not looking toward then-Rule 3002(c)(6) when he filed his Chapter 13 petition, schedules and plan. Unless he was intentionally evasive in listing only United States of America at the two addresses he chose, there is nothing Debtor could or should have done differently in the conduct of this case regardless of which version of the rule was in effect. Rule 3002(c)(6) is a prospective rule of procedure that provides a limited remedy when something has gone wrong or been done incorrectly, such as improper notice being given, not one that guides ongoing conduct or establishes a deadline or requirement that can no longer be met retroactively. It is not unfair or unjust to Debtor to apply amended Rule 3002(c)(6).

As to IRS, it would be manifestly unjust not to apply the amended rule if it received insufficient notice of the claims bar date. The fulcrum of the bankruptcy process and its proper and efficient functioning for all involved is effective notice. Rule 3002(c)(6) was amended because of prior cases like *Somerville* and *Bauer*, correct though they are in this court's view. That a creditor can do nothing wrong and be prevented from participating in the bankruptcy process should it otherwise wish to do so because of lack of notice due to no fault of its own is unjust, even if it may not amount to a violation of due process.

The court in *Porter* recognizes as a consideration in applying the "just and practicable" standard that bankruptcy is a collective process. Debtor has two other creditors that filed claims and are being paid through his confirmed plan. One is his secured home mortgage creditor whose $43,411.94 pre-petition arrearage is being cured while current post-petition mortgage payments are maintained. The other is Ohio Department of Taxation with an amended claim for unpaid employer's withholding tax assessments, interest and penalties and unpaid commercial activity tax assessments, interest and penalties. Ohio Department of Taxation's total amended claim is $73,439.00 of which $47,424.87 is entitled to priority and $26,014.13 is unsecured. Under the confirmed plan, both claims will be paid as filed as required by applicable provisions of the Bankruptcy Code. 11 U.S.C. §§ 1322(a)(1), (a)(2), (a)(3), (a)(5); 1325(a)(1), (a)(4); 507(a)(8); [Doc. # 17, Parts 3.1(PHH Mortgage Corporation), 4.1 (priority claims) and 5.1 (unsecured claims); Doc. # 97; Doc. # 100]. Under the Stipulation amending the plan at Doc. # 100, the payment on Ohio Department of Taxation's unsecured claims will be 1%, or a total of just $260.14. There is no wiggle room in their treatment regardless of the IRS claim and its status. Payment of IRS's allowed claim will not change the treatment of the claims of the other two creditors in this case. It is not unjust to them to apply the 2022 amendment of Rule 3002(c)(6) to the late IRS claim in this case.

15

The court finds that it is just to apply amended Rule 3002(c)(6) to the IRS claim and motion to extend in this case.

As to whether it is practicable to apply the amended rule in this case, the court finds that it is. There is not much helpful guidance as to "practicable" and the court is unsure sure what the court in *Porter* meant with the statement "[t]he practicability of applying amended Rule 3002(c) must be considered within the context of the role of the Court within the bankruptcy system." Suffice to say that the claim is filed on the claims register. Amended Rule 3002(c)6) was already pending adoption when Debtor filed this case on January 4, 2022, although the effective date was not until December 1, 2022, still nearly 3 months before the governmental unit claims bar date. Facts that are indicative of application of the amended rule being just are also indicative that it is practicable to apply the amended rule in this case.

IRS transcripts and assessment documents and the tax liens show that Debtor is and has been well-aware of the claimed obligation, its magnitude and the need to deal with it long before he filed his petition. He intended that IRS get notice of this case and that it be dealt with through the plan to the extent allowed. Initially, Debtor's plan proposed to pay the United States of America outside the plan, not through monthly plan payments to and by the Trustee. Then, as late as entry of the Stipulation at Doc. # 97 on April 7, 2023, four months after amended Rule 3002(c)(6) became effective and well after the claims bar date, Debtor and the Trustee still envisioned and provided for what would happen upon the filing of "any potential Internal Revenue Service claims." None of this is a surprise; it is not a new and unanticipated obligation.

The court thus finds it just and practicable to apply the 2022 amendment of Rule 3002(c)(6) (or Rule 3002(c)(7) as amended in 2024 for that matter) in this case. That raises the issue whether Debtor's listing of his creditor as United States of America with two addresses, one for the United States Attorney General in Washington, D.C. and one misdirected to U.S. District Attorney at the address for the office of the United States Attorney for the Northern District of Ohio in Cleveland, Ohio, was sufficient under the circumstance to give notice to IRS. *In re The Grand Union Co.*, 204 B.R. 864, 871 (Bankr. D. Del. 1997),citing and quoting *Oppenheim, Appel, Dixon & Co. v. Bullock (In re Robintech, Inc.)*, 863 F.2d 393, 396 (5th Cir. 1989), *cert. denied,* 493 U.S. 811, 110 S.Ct. 55, 107 L.Ed.2d 24 (1989) (whether a creditor received adequate notice of a bar date "depends upon the facts and circumstances of a given case.") The court finds that it was not.

Appropriate notice in bankruptcy cases starts with the debtor. As previously noted, and as Debtor did in this case, the debtor is responsible for filing a list of creditors whose rights may be affected by the

16

bankruptcy case. 11 U.S.C. § 521(a)(1)(A). Bankruptcy Rule 1007(a)(1) requires the debtor to "file with the petition a list containing the name and address of each entity included or to be included on Schedules D, E/F, G, and H of the Official Forms." Fed. R. Bankr. P. 1007(a). This court's <u>Electronic Case Filing (ECF) Administrative Procedures Manual</u> and related technical standards, available on the court's website, require the debtor to submit with the petition a mailing matrix including all creditors and parties in interest. <u>Administrative Procedures Manual,</u> III.C., p.12/13. The burden is on the debtor to accurately complete the schedule of names and addresses of creditors to assure proper notice of the case and important deadlines. *In re Stough,* No. 11-35232, 2012 WL 2563848, *5 (Bankr. N.D. Ohio June 29, 2012); *In re Faden,* 170 B.R. 304, 308 (Bankr. S.D. Tex. 1994); *In re Mendoza,* 16 B.R. 990, 992 (Bankr. S.D. Cal. 1982) ("The Code places the obligation on the debtor to properly list his creditors, including their addresses."); *In re Hutchinson*, 187 B.R. 533 (Bankr. S.D. Tex. 1995) ("[T]petitioner shall file a mailing list of creditors showing their complete names and addresses…"); *Thomas v. City of Winnfield,* Civil Action No. 1:08-cv-1167, 2015 WL 5725772, *3 (W.D. La., Sept. 29, 2015) ("Listing the creditor and the creditor's address on the bankruptcy petition is a strict requirement…"). Moreover, when the creditor is a governmental entity, and therefore inherently part of a large, bureaucratic structure, "a debtor should give special attention to insure a timely and meaningful notice to the correct agency." *United States Small Business Admin. v. Bridges,* 894 F.2d 108, 111 (5th Cir. 1990).

The task of providing notice to creditors of commencement of a bankruptcy case and important information including the deadline to file a proof of claim rests with the Clerk of the Bankruptcy Court. *See* Fed. R Bankr. P. 2002(f)(1)(A), (D); (g)(2). Notice is accomplished in a Chapter 13 case by issuance of Official Bankruptcy Form B309I, "Notice of a Chapter 13 Bankruptcy Case," which includes the deadlines for filing claims. In doing so, the Clerk relies on the information supplied by the debtor. Fed. R. Bankr. 2002(g)(2).

Although the burden of adequate notice ultimately rests on the debtor, the Bankruptcy Code and Bankruptcy Rules provide mechanisms for creditors to facilitate proper notice of bankruptcy cases to them. Relevant to this case, under § 342(f)(1), a creditor may provide a notice of address to be used by all bankruptcy courts or a particular bankruptcy court in all cases. 11 U.S.C. § 342(f)(1). This is accomplished by the creditor registering with the U.S. Bankruptcy Courts' National Creditor Registration Service, which may include Electronic Bankruptcy Noticing if the creditor so chooses.[8]

---

[8] This is the basis for and source of the e-mail addresses used by the Clerk in this case to notice the U.S. Attorney General and, in addition to notice by first class mail to the United States of America, c/o U.S. District Attorney as designated by Debtor, the

17

When, as here, the creditor is a federal or state governmental unit or taxing authority, the creditor may file a designation of its mailing address with the Clerk of Court. Bankruptcy Rule 5003(e) provides, in relevant part, that "[t]he United States…may file a statement designating its mailing address." Fed. R. Bankr. P. 5003(e)(1). In turn, Rule 5003(e) requires the Clerk of the Bankruptcy Court to keep a register of the mailing addresses supplied by governmental units. Rule 5003(e) recognizes the special characteristics of governmental units and the unique considerations inherent in providing proper notice to them given their size and composition as generally involving many agencies and departments and locations through which a debtor may incur debt, certainly so with the federal government. The court finds the Advisory Committee Notes to Rule 5003(e), which was first added by amendment in 2000, are instructive in evaluating adequacy of notice to IRS in this case:

> **Subdivision (e)** [emphasis original] is added to provide a source where debtors, their attorneys, and other parties may go to determine whether the United States…has filed a statement designating a mailing address for notice purposes. By using the address in the register—which must be available to the public—the sender is assured that the mailing address is proper…. The register may include a separate mailing address for each department, agency, or instrumentality of the United States….

The United States has availed itself in this court of the mechanism provided by Rule 5003(e) to assist debtors in meeting their burden of properly listing and fostering effective notice to various agencies of the federal government, notably including IRS. On the court's website, under the Tab for Rules and Procedures, the Clerk maintains a register of "Federal and State Agencies and Certain Taxing Authorities." https://www.ohnb.uscourts.gov/fettps://www.deral-and-state-agencies-and-certain-taxing-authorities. Under United States Agency Addresses, there are addresses listed for twelve agencies, including EPA, SBA, HUD and USDA. First on the list, Internal Revenue Service is identified with a designated address, as follows:

**Internal Revenue Service**

Internal Revenue Service
P.O. Box 7346
Philadelphia, Pennsylvania 19101-7346
FAX: (855) 235-6787

You may also wish to send information copies to:

Insolvency Group 6
1240 East Ninth Street, Room 493

---

U S ATTORNEY'S OFFICE ATTN BANKRUPTCY UNIT" [sic] at an address in Cleveland, Ohio. [Doc. # 17, p.8/9; Doc. # 107, p/1/5].

Cleveland, Ohio 44199

The United States Attorney is identified with a specific designated address for cases filed in Toledo, as follows:

**Office of the United States Attorney**

**…**

Cases in the Toledo court, serve:

Office of the United States Attorney
Suite 308, Four Seagate, Third Floor
Toledo, Ohio 43604

The Attorney General of the United States is identified with a specific address for tax matters, as follows:

**Attorney General of the United States**

Tax matters serve:

Attorney General of the United States
U.S. Department of Justice Tax Division
Civil Trial Section, Northern Region
P.O. Box 55, Ben Franklin Station
Washington, D.C. 20044

Debtor did not use any of the "Federal Agency Designations for Compliance with Rule 5003" from the court's register. Far from it. In listing his creditor only as United States of America instead of Internal Revenue Service and at the two addresses he did, neither of which are the addresses designated in this court's register of government agency addresses for the United States Attorney or the United States Attorney General, Debtor inexplicably failed to avail himself of the opportunity provided by Rule 5003(e)(2)(D) to use a mailing address "conclusively presumed to be proper." *See Markley v. Department of Treasury, Internal Revenue Service (In re Markley),* No. 12-60128, ADV. NO. Pro 16-6034, 2017 WL 456416, *3 (Bankr. N.D. Ohio, Feb. 2, 2017) (in a case filed in the Canton court location, debtor used address for Internal Revenue Service in Toledo, which was not a designated mailing address under Rule 5003(e), thus the court could not "conclude that Debtor listed the debt in a manner that gave IRS time to file a proof of claim before the bar date…[and] the taxes were not discharged.").

Debtor's failure to use the addresses designated under Rule 5003(e) for any of Internal Revenue Service, the appropriate Office of the United States Attorney and the appropriate section for tax matters of the United States Attorney General does not end the court's inquiry. Rule 5003(e)(2)(D), as well as the Advisory Committee Notes from the 2000 amendment, specify that a failure to use a

19

designated address "does not invalidate a notice that is otherwise effective under applicable law." Fed. R. Bankr. P. 5003(e)(2)(D). Debtor for his part identifies no other applicable law under which the listing and addresses he used might be considered effective. Nor does he argue that IRS otherwise had actual notice of this case.   He states in opposition to the motion of IRS to extend the bar date only that he used addresses on file in connection with the federal tax liens in the Seneca County, Ohio Recorder's Office, and those addresses should thus be reasonable to use for the United States of America to receive notices in any subsequent legal actions. [Doc. # 131].  Debtor did not attach any documents confirming this statement or provide any information about provision of those names and addresses. For purposes of this matter only, the court will nevertheless assume that Debtor's statement is true. The court disagrees that those addresses are reasonable for provision of notice of a claims bar date in a bankruptcy matter to the United States. The purpose of the records of the Seneca County Recorder's office records is to provide notice to the public of title status and encumbrances on real property within the county. The existence of a federal tax lien at any address puts potential buyers and title agencies and other interested parties on inquiry notice of an encumbrance so they may protect their rights and interests. Those records have nothing whatsoever to do with giving notice in a federal bankruptcy case directly to the United States of America or one of its agencies. As an address for giving notice TO the United States or an agency, those addresses are irrelevant and insufficient.

Apart from the stated source of the addresses used, under the circumstances of this case the notice given based on the information provided by Debtor was insufficient to afford IRS reasonable notice of the bar date in time to file a proof of claim.  The identification of his creditor as United States of America is technically correct. However, "as a matter of law, the IRS possesses the properly delegated authority to file a proof of claim and participate in bankruptcy proceedings on behalf of the United States." *Schibilsky v. United States of America (In re Schibilsky),* 185 B.R. 81, 82 (Bankr. N.D. Ga. 1995), citing *In re Harrison,* 177 B.R. 564 (Bankr. S.D. Ohio 1994).  Nor is providing notice of a bankruptcy case and the governmental unit claims bar date initiation of a contested matter or an adversary proceeding to which different service rules apply. *Cf., e.g., Core Group Inc v. United States Department of Treasury (In re Core Group, Inc.),* 350 B.R. 629, 631 (Bankr. M.D. Pa. 2006) ("It is a well settled principle that the IRS cannot be sued and the proper party in actions involving federal taxes is the United States of America." (citations omitted)).

Debtor knew that the debt he arguably owes is a federal tax debt. He listed Internal Revenue Service by name as a creditor in the related M. J. Brown Company Chapter 7 case. Department of Treasury-Internal Revenue Service filed a timely proof of claim in that case. Its Claim 7-1 states in

20

response to "where should notices to the creditor be sent" the same P.O. Box for Internal Revenue Service in Philadelphia that is on the register of agency addresses maintained by the Clerk of this Court. The Transcripts attached by IRS to its opposition show a multitude of notices to Debtor about his tax debts and agency collection efforts. That his federal creditor is Internal Revenue Service is neither a mystery nor a surprise to him. Allowing Debtor under these circumstances to use neither a specific agency name nor address for Internal Revenue Service or IRS would license every debtor to give ineffective and inadequate notice to a governmental unit and then take their chances, at a minimum buying time. In that vein, as the court in *In re Miller* aptly observed with respect to the United States acting in its capacity as a non-tax creditor "[t]o hold otherwise would permit a debtor to send notice to the agency address least likely to provide adequate notice rather than the address most convenient to and requested by the agency." *In re Miller,* 16 F.3d 240, 243 (8th Cir. 1994). The creditor's name and addresses Debtor listed in this case do not meet his burden of accurately listing the names and addresses of Internal Revenue Service.

The court finds that notice of the governmental unit claims bar date in this case was insufficient to give IRS a reasonable time to file its poof of claim under Rule 3002(c)(6) as amended in 2022.[9] Internal Revenue Service having filed its claim, the court finds that it is timely with the date of filing the date to which the deadline will be extended under amended Rule 3002(c)(6).

### CONCLUSION

Separate orders in accordance with this Memorandum of Decision will be entered, one granting Internal Revenue Service's motion to extend time and one denying in part Debtor's Objection, only to the extent he objects on the basis that Internal Revenue Service filed its claim late. IRS requested that Debtor be required to supplement the Objection to specify other than in conclusory fashion the grounds for objecting to the IRS proof of claim as filed. [Doc. # 116, p.4/5, ¶12]. That request is also well-taken. *In re McLaughlin,* 320 B.R. 661, 665-66 (Bankr. N.D. Ohio 2005). Debtor will be given two weeks' time to identify with needed specificity the other grounds of objection he asserts.

---

[9] Rule 2002(j), captioned "Notice to the United States", states "notice required to be mailed to all creditors under this Rule 2002 must also be mailed…(4) in a case where the documents disclose that a debt (other than a tax debt)is owed to the United States, to the United States attorney for the district where the case is pending and to the United States department, agency or instrumentality through which debtor became indebted." Fed. R. Bankr. P. 2002(j)(4). As Collier on Bankruptcy notes, for a non-tax debt owed to the United States, failure to mail notice to both the United States Attorney and the affected entity is fatally defective. "However, if the debtor owes only taxes, the United States Attorney need not be mailed notice" even if it would be prudent to do so. 9 COLLIER ON BANKRUPTCY ¶ 2002.11[4] (16th ed.). Had Debtor listed and served Internal Revenue Service at correct versions of the two addresses he used, he would have enhanced sufficiency of notice. Alone, they are insufficient.